***NOT FOR PUBLICATION***

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
--------------------------------------------------------X

In re Herman Pachman,                                        Case No. 09-37475

                Debtor.

--------------------------------------------------------X

**MEMORANDUM DECISION
AWARDING ACTUAL DAMAGES
FOR VIOLATION OF THE AUTOMATIC STAY**

Having found on motion of the Debtor that certain creditors violated the automatic stay, the Court considers the amount of damages that are permitted by the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and are appropriate under the circumstances of this matter. The Court held on the record of a hearing on November 17, 2009 (the "Stay Hearing"), that the acts of Henry Rosenzweig ("Rosenzweig") violated the automatic stay. The Court entered an Order on December 15, 2009, granting Debtor's application to hold Rosenzweig in contempt for willful violation of the stay. The Court held a hearing on damages on February 2, 2010 (the "Damages Hearing"). The Court finds upon the record of the Damages Hearing, that the willful violation of the automatic stay warrants an award of actual damages of $15,311.14, representing Debtor's attorney fees and

costs. The Court finds that emotional distress damages and punitive damages are not appropriate under the limited circumstances of this case.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. Sections 1334(a) and 157(a) and the standing Order of Reference to bankruptcy judges dated July 10, 1984, signed by acting Chief Judge Robert J. Ward. This is a core proceeding under 28 U.S.C. Section 157(b)(2). The following opinion constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rules 9014 and 7052.

## BACKGROUND FACTS

The Court incorporates its findings from the Stay Hearing. In particular, Debtor commenced his case for chapter 7 relief on September 9, 2009. On October 23, 2009, an ex parte application to hold certain creditors including Rosenzweig in violation of the stay was filed (the "Application"). Debtor alleged that certain creditors including Rosenzweig were continuing proceedings against Debtor in the Rabbinical courts, known as the *bais din*, which would have the effect of excommunicating Debtor and his family from their Jewish community. In particular, a *sirov* had been issued post-petition, on October 13, 2009, by which Debtor was subjected to ostracism by other members of the Jewish community. *See* ECF Docket No. 19, Application for Ex Parte Relief. Hearings were held on

October 26, 2009, and November 17, 2009, and the Court granted Debtor's Application with respect to Rosenzweig by order dated December 15, 2009. The *sirov* was rescinded by notice from the Rabbinical Court of Mechon L'Hoyroa, dated December 13, 2009.

At the Damages Hearing, counsel to Rosenzweig objected to entries of legal work done with regard to Rule 2004 examination, and phone calls to a person called Weinstein, who represents an associate of Debtor who also received a *sirov*. Counsel to Debtor characterized the phone calls to Weinstein as research regarding the *sirov*. The Court reserved decision on whether the calls were allowed charges.

Counsel further objected to inclusion of fees incurred with regard to the prosecution of the stay violation. Finally, in his post hearing memorandum of law, counsel to Rosenzweig argues that the original order to show cause sought relief against additional parties, and therefore Rosenzweig should not have to pay the entire penalty.

At the Damages Hearing, Debtor testified that he contacted the *bais din* in New Square, which appeared ultimately to have led to the *sirov* being revoked. Transcript of Hearing Held on February 2, 2010 (hereafter, "Tr."), 23-27. In particular, Debtor testified that he was told by another attorney, "I should go to a different bezzedin [sic], as long as I come to a bezzedin with the other party, then they have to take the *sirov* off." Tr. at 23, ll. 15-20. Debtor further testified that

his children were not removed from school and that he was not excluded from religious services. Tr. at 28, ll. 6-10. Debtor testified that the effect of the *sirov* continues despite it being revoked, for example by his inability to arrange a marriage for his 17-year-old son and the denial of a loan from a *gmach*, a lender who makes interest-free loans. Tr. at 29, ll. 1-8; Tr. at 32-33, ll. 17-9. Debtor further testified that attempts to match the son for marriage had begun after the *sirov* was issued. Tr. at 38, ll. 15-20.

Rosenzweig testified that he was unemployed. Tr. at 50, ll. 19-21. He testified that a judgment had been entered against him as a result of a guaranty he gave. Tr. at 51-52, ll. 19-13. He testified that he was contacted by the New Square *bais din* about the *sirov*, and that he said it should be removed. Tr. at 54-55, ll. 11-7. He further testified that he contacted Debtor's children's school and requested that the children not be removed from school. Tr. at 55, ll. 12-23; 57-58, ll. 21-20. The testimony was unclear, but it appears that Rosenzweig's goal was to punish the Debtor, not the children. *Id.*

## **ISSUE**

The Court must determine the amount of actual damages, and punitive damages if appropriate.

## **DAMAGES FOR WILLFUL VIOLATION OF THE STAY**

Bankruptcy Code § 362(a)(6) provides that, generally, a petition filed under Bankruptcy Code § 301 operates as a stay, applicable to all entities, of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy case. Section 362(k)(1) provides, "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages."

### *A. Actual damages*

Since the Court has already found, by Order dated December 15, 2009, that there is a willful violation of the stay, the award of actual damages is mandatory under Bankruptcy Code § 362(k)(1). The party moving for damages bears the burden of proof on damages. *Sucre v. MIC Leasing Corp. (In re Sucre),* 226 B.R. 340, 349 (Bankr. S.D.N.Y. 1998).

1. Attorneys' fees

Actual damages include reasonable attorneys' fees, including fees incurred in the prosecution of the violation of the stay. *Id.* at 351-352 (awarding attorneys' fees incurred in stopping garnishment as well as in proceeding for stay violation); *Carpio v. Smith (In re Carpio)*, 213 B.R. 744, 752 (Bankr. W.D. Mo. 1997)

(penalties for stay violation included actual damages of attorney fees for prosecution of action).

This Court rejects Rosenzweig's argument for a lower award of attorney fees. Counsel to Debtor has mooted the question of whether the calls to Weinstein should be compensated, by withdrawing the charges associated with Weinstein. Counsel to Debtor has withdrawn or reduced all charges to which Rosenzweig's counsel objected at the Damages Hearing.

Counsel failed to raise the argument that other people contributed to the stay violation at the Damages Hearing, and offers no support for his allegation that reasonable attorneys fees of $5,000 is more appropriate than the $15,000 sought by Debtor. It is not possible at this time to distill further the amount of time and money Debtor's counsel had to expend to have the *sirov* rescinded, and Rosenzweig has had ample opportunity to challenge the award of attorneys fees.

Further, when this matter was first brought to the Court, a novel question of constitutional law was raised: Does the First Amendment prevent the automatic stay from applying to proceedings in the Rabbinnical courts? The Court set a briefing schedule with respect to this issue, and Debtor's counsel duly submitted a brief, to which Rosenzweig failed to respond.

Section 362(k)(1) does not include a temporal limitation on attorney fees, or a limitation of the fees to work done to abate the stay violation, such as forcing a

wage garnishment to be lifted.  Indeed, § 362(k)(1) would provide a hollow remedy if counsel were not allowed to recover fees spent drafting papers and arguing before the Court.  *Sucre* supports an award of Debtor's counsel's fees incurred in prosecuting the violation of the automatic stay.

The Court finds that Debtor's counsel fees of $14,920 and costs of $391.14 are reasonable and necessary, in consideration of the unusual facts and novel legal questions presented by this matter.

### 2. Compensatory damages

"Actual damages are not limited to a debtor's financial loss as a result of a willful stay violation; rather, a debtor may also recover damages for the emotional and psychological toll that a violation can exact from an individual." *In re Burkart*, 2010 Bankr. LEXIS 385, at *12-*13 (Bankr. N.D.N.Y. Feb. 9, 2010) (citation omitted) (Debtor was awarded attorney fees but not emotional distress damages or punitive damages).  "A claim for emotional distress damages is sustainable, however, only upon a showing of clear evidence to establish that significant harm occurred as a result of the violation." *Id.* (citation omitted).  *See also Bailey v. Soc. Sec. Admin. (In re Bailey)*, 2007 Bankr. LEXIS 2394, at *15 (Bankr. S.D.N.Y. July 10, 2007) (if emotional distress damages are permitted by the Bankruptcy Code, "[i]t may be that the offending conduct must meet a high threshold," and such damages may be difficult to prove).

The Court does not award compensable damages in the matter at bar. The effort to match Debtor's son in marriage has just begun. Debtor has not presented any medical evidence of harm suffered from the *sirov*. The children were not removed from school, and Debtor was not barred from religious services. The Court does not find a clear showing of the significant harm required to support an award of emotional distress damages.

### *B. Punitive damages*

The bankruptcy court has discretion to assess punitive damages. Bankruptcy Code § 362(k). *In re Crawford*, 388 B.R. 506 (Bankr. S.D.N.Y. 2008).

Where a party has willfully violated the automatic stay, "[a]n additional finding of maliciousness or bad faith on the part of the offending creditor warrants the further imposition of punitive damages." *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir. 1990). *See also In re Adomah*, 368 B.R. 134, 139 (S.D.N.Y. 2007).

In determining an award of punitive damages, the Court is guided by the factors set out in *In re B. Cohen & Sons Caterers, Inc.*, 108 B.R. 482, 487 (E.D. Pa. 1989): (1) the nature of the defendant's conduct; (2) the defendant's ability to pay; (3) the defendant's motives; and (4) any provocation by the debtor. As a fifth factor, some courts have considered the defendant's level of sophistication. *See In*

*re Gagliardi*, 290 B.R. 808, 813 (Bankr. D. Colo. 2003) (citing *In re Diviney,* 225 B.R. 762, 776 (10th Cir. BAP 1998)).

"Punitive damages are proper as a deterrent to those entities who willfully violate the automatic stay provisions, even if actual damages are minimal." *In re Lile,* 103 B.R. 830, 841 (Bankr. S.D. Tex. 1989) (imposing punitive damages of $100,000 against IRS to deter willful violations in future; debtor's actual damages totaled $450).

> In determining the appropriate amount of punitive damages, the Court must consider the nature of the Respondents' conduct, the ability to pay, **and the amount of actual damages awarded**. The amount of punitive damages should be sufficient to deter the Respondents, and similarly situated parties in the future, from unilaterally determining the scope and effect of the automatic stay.

*In re Gagliardi*, 290 B.R. at 822 ($10,000 punitive sanction against mortgage holder and attorneys) (emphasis added).

In the case at bar, upon the record of the hearing held on February 2, 2010, the Court does not award punitive damages. The Court finds that the circumstances of this case do not meet the standard of additional bad faith that is necessary to support an award of punitive damages. The Court cannot find that Rosenzweig's conduct was so malicious as to support an award of punitive damages. He has limited ability to pay damages beyond the award of actual damages, because he is unemployed.

## **CONCLUSION**

The Court awards actual damages in the amount of $15,311.14, representing Debtor's attorney fees and costs. The Court does not award compensatory damages or punitive damages. Counsel to Debtor shall submit an order consistent with this opinion.

Dated:      Poughkeepsie, New York
               April 14, 2010

                                              /s/ Cecelia Morris
                                              The Hon. Cecelia G. Morris
                                              U.S. Bankruptcy Judge